King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, New York 10036

Tel: +1 212 556 2100
Fax: +1 212 556 2222
kslaw.com

Laura Harris
Partner
Direct Dial: +1 212 790 5360
lharris@kslaw.com

# KING & SPALDING

July 11, 2025

**Via ECF**

Judge LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Kurmangaliyev v. Delta Air Lines, Inc.*, No. 25-cv-3423-LDH-CLP (E.D.N.Y)

Dear Judge DeArcy Hall:

We represent the Defendant Delta Air Lines, Inc. ("Delta") in the above-captioned matter. Pursuant to your Honor's Individual Practices, we write to request a pre-motion conference regarding a motion to dismiss all claims against Delta under Federal Rule of Civil Procedure 12(b)(6). This letter summarizes the bases for such a motion.

Plaintiff filed his *pro se* Complaint against Delta on June 18, 2025 (the "Complaint"), alleging that Delta failed to honor his opt out request in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.[1] As demonstrated in the Complaint and attached documentation, Plaintiff's claims arise from a series of messages that Plaintiff initiated with

---

[1] Although Plaintiff initiated this action *pro se*, it is not his first lawsuit. *See, e.g., Kurmangaliyev v. Liberty National Financial Corp.*, No. 1:25-cv-01993 (E.D.N.Y.) (voluntarily dismissed); *Kurmangaliyev v. City of New York*, No. 22-CV-5656 (E.D.N.Y) (dismissed with prejudice); *Kurmangaliyev v. Team Line LLC et al*, No. 1:25-cv-06204 (N.D. Ill.) (currently pending). Your Honor dismissed one of Plaintiff's prior cases with prejudice earlier this summer. *See Kurmangaliyev v. City of New York*, No. 22-CV-5656, 2025 WL 1571827, at *4 (E.D.N.Y. May 30, 2025) (dismissing Plaintiff's claims under section 1983 and the Fourth Amendment on the grounds that, even when liberally construed, the *pro se* complaint failed to state a claim upon which relief could be granted). Delta reserves the right to seek any and all remedies available to it in connection with the defense of Plaintiffs' baseless claims, including under FRCP 11.

Delta's virtual assistant between April 19, 2025 and May 26, 2025. Plaintiff first contacted Delta's virtual assistant on April 19 to inquire about canceling his flight and then exchanged numerous messages with the virtual assistant. The virtual assistant addressed Plaintiff's concerns and then asked Plaintiff to take a simple, one-question customer satisfaction survey, expressly noting that Plaintiff could text "skip" at any time. (Plaintiff also could simply have ignored the question or closed the chat.) Instead, Plaintiff texted "STOP." Not understanding the response, the virtual assistant re-sent the survey, and Plaintiff responded that he was "Very Satisfied" with the service he received from the virtual assistant. The virtual assistant then asked Plaintiff if it had answered his question, and Plaintiff again responded "STOP." The virtual assistant didn't understand the response, so it re-asked the question. This time, Plaintiff did not answer the question, and the session expired. The virtual assistant sent a final message stating that no further messages would be sent.

Plaintiff alleges that the messages violated the TCPA for two reasons: (i) he purportedly attempted to opt out of further messages revoking his consent and (ii) his phone number has been on the National Do Not Call Registry since February 9, 2023. Plaintiff's Complaint seeks statutory damages under 47 U.S.C. § 227(b)(3) for Delta's failure to honor his opt-out and under § 227(c)(5) for Delta's failure to comply with the do-not-call regulations. Even viewing Plaintiff's allegations in the most favorable light, the Complaint fails to allege a violation of the TCPA because Plaintiff's messages with Delta—which Plaintiff initiated—are not the type of communications that are regulated by the TCPA.

***First,*** Plaintiff fails to state a claim under 47 U.S.C. § 227(b) because he fails to allege that Delta's virtual assistant uses an automatic telephone dialing system ("ATDS") or artificial voice. Section 227(b) applies only to communications sent via an automatic telephone dialing system ("ATDS") or through artificial or prerecorded voice systems. *See Rotberg v. Jos. A. Bank Clothiers, Inc.*, 345 F. Supp. 3d 466, 477 (S.D.N.Y. 2018) (noting that a plaintiff must plausibly allege the defendant's use of an ATDS to send text messages in order to withstand a motion to dismiss); *see also Jiminez v. Credit One Bank, N.A.*, 632 F. Supp. 3d 381, 388 (S.D.N.Y. 2022) ("For a call to violate section 227(b)(1)(A)…that call must actually employ an auto-dialer's capacity to use a random or sequential number generator." (quoting *Panzarella v. Navient Sols.*, Inc., 37 F.4th 867, 881 (3d Cir. 2022))) (internal quotation marks omitted). The text messages that Plaintiff exchanged with Delta's virtual assistant obviously did not include any "artificial or prerecorded voices." *Soliman v. Subway Franchisee Advert. Fund Tr.*, 101 F.4th 176 (2d Cir. 2024) ("artificial voice" under the TCPA applies to audible voice communications, not text messages.) And Plaintiff does not—and cannot—allege that the virtual assistant communicated with him through an ATDS, as the Supreme Court has construed the term.

In *Facebook, Inc. v. Duguid*, the Supreme Court held that to be an ATDS, equipment must be able to "store or produce telephone numbers to be called using a random or sequential number generator." 592 U.S. 395, 402 (2021). In other words, an ATDS is equipment that is used to cold-call consumers. Plaintiff does not and cannot allege that Delta's virtual assistant communicated with him through an ATDS because Delta did not cold-call Plaintiff—***he*** initiated the text messages with Delta. The virtual assistant merely responded to Plaintiff's initial text message, and the messages it sent thereafter were not randomly generated but were instead

solicited by Plaintiff. *See Soliman*, 101 F.4th at 183 (explaining that the TCPA's concerns about consumer protection are not implicated by a system that relies on telephone numbers that are "not automatically or randomly generated but that are drawn from other sources, including… from consumers themselves who voluntarily provided them"); *Jiminez*, 632 F. Supp. 3d at 386 (reasoning that after *Facebook*, systems that merely store and dial numbers from a pre-existing list, without generating numbers randomly or sequentially, do not meet the statutory definition of an ATDS).

**Second**, Plaintiff has no claim under the do-not-call provisions of the TCPA, found in 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), because the relevant messages do not constitute an "advertisement," "telemarketing", or "telephone solicitations" under the TCPA and its implementing regulations. *See* 47 U.S.C. § 227(a)(4) – (5); 47 C.F.R. § 64.1200(f). The "dispositive question is whether [defendant] initiated, or caused to be initiated, a text message that includes or introduces an advertisement or constitutes telemarketing." *Gerrard v. Acara Sols. Inc.*, 469 F. Supp. 3d 96, 99 (W.D.N.Y. 2020) (internal quotations and citations omitted). The text messages here were strictly informational in nature and therefore cannot give rise to a TCPA do-not-call claim. *See, e.g., Gerrard v. Acara Sols. Inc.*, 469 F. Supp. 3d 96, 97 (W.D.N.Y. 2020) (holding that the text messages at issue "do not constitute advertisements or telemarketing within the meaning of the TCPA's implementing regulations" where they simply alerted the plaintiff about an employment opportunity); *Rotberg v. Jos. A. Bank Clothiers, Inc.*, 345 F. Supp. 3d 466, 479 (S.D.N.Y. 2018) (holding that text message sent solely for the purpose of directing the recipient to the webpage to complete registration in a program was not "telemarketing" in violation of the TCPA); *Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 282 (S.D.N.Y. 2013) ("[F]axes containing only 'information, such as industry news articles, legislative updates, or employee benefit information" are not prohibited by the TCPA.'").

For these reasons, Plaintiff's claims fail as a matter of law. Delta respectfully seeks a conference regarding Delta's anticipated motion to dismiss pursuant to Rule 12(b)(6).

        Sincerely,

        */s/ Laura Harris*
        Laura Harris

CC:    Mr. Sait Kurmangaliyev
       8684 20 Ave Apt. 2E
       Brooklyn, NT 11214
       kurmangaliyevsait@yahoo.com
       (By First Class Mail and e-mail)