Sait Kurmangaliyev
8684 20th Avenue, Apt. 2E
Brooklyn, NY 11214
kurmangaliyevsait@yahoo.com
Pro Se Plaintiff

July 11, 2025

Via ECF and First-Class Mail
Hon. LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Kurmangaliyev v. Delta Airlines, Inc., No. 1:25-cv-03423-LDH-JAM (E.D.N.Y.)
Response to Defendant's Request for Pre-Motion Conference

Dear Judge DeArcy Hall:

I respectfully submit this letter in opposition to Defendant Delta Air Lines, Inc.'s July 11, 2025 request for a pre-motion conference seeking leave to file a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Delta's request should be denied because the Complaint plausibly alleges violations of the Telephone Consumer Protection Act ("TCPA"), and their arguments mischaracterize the facts and legal standards at issue.

I. The Complaint Alleges a Clear Violation of the TCPA

Delta argues that because I initiated contact with their virtual assistant, they are shielded from liability. However, my Complaint clearly alleges that I revoked any consent by texting "STOP" multiple times, and Delta continued to send messages anyway. Under well-established TCPA law, once a consumer revokes consent, the sender must cease further messaging. Delta's decision to re-send the same survey prompt after I had opted out is not excused by the fact that I began the initial interaction.

The TCPA does not require messages to be "cold calls" to be unlawful. Once consent is revoked, further messaging violates 47 U.S.C. § 227(b)(1)(A). Courts have held that consumer consent can be withdrawn at any time, including via text, and companies must honor that request promptly.

Delta's argument that their virtual assistant does not use an "automatic telephone dialing system" (ATDS) under the Supreme Court's decision in Facebook, Inc. v. Duguid, 141 S. Ct. 1163 (2021), is a factual defense inappropriate at this early stage. Whether Delta's system used automation or artificial intelligence is a mixed question of fact and law that requires discovery. The Complaint plausibly alleges that the virtual assistant system used automated technology to send responses in a manner that meets the definition of ATDS or at least an "artificial" or "prerecorded voice" under the TCPA.

II. The Complaint Also States a Valid Claim Under the Do-Not-Call Rules

My phone number has been listed on the National Do Not Call Registry since February 2023. Despite that, Delta continued to send unsolicited survey-related messages after I had opted out. These are not simple customer service follow-ups—they were persistent and unwanted, and continued even after I made it clear I no longer wished to be contacted.

Under 47 C.F.R. § 64.1200(c) and (d), companies must maintain a written policy for honoring do-not-call requests and train personnel accordingly. The continued messages after multiple STOP requests indicate Delta failed to maintain and apply such a policy. Whether the messages were "telemarketing" or "advertising" is a question that turns on facts. Courts have ruled that follow-up surveys, loyalty programs, and satisfaction polls can fall within TCPA scope when sent after a consumer opted out or requested no further contact.

III. Prior Cases Cited by Delta Are Irrelevant

Delta's letter attempts to paint me as a serial filer by referencing other unrelated cases. Each of those lawsuits involved different facts, legal theories, and parties. This case stands on its own, and Rule 12(b)(6) requires courts to accept the allegations in the current Complaint as true. My past filings are irrelevant to whether this particular claim is legally sufficient.

Moreover, Delta's arguments rely heavily on district-level decisions that are not controlling. At this stage, my Complaint need only plead enough factual matter to state a plausible claim. It does so.

Conclusion

Because the Complaint sufficiently alleges that I revoked consent, that Delta continued to send messages in violation of the TCPA, and that my phone number was on the Do Not Call Registry, Delta's request for a pre-motion conference should be denied. In the alternative, if the Court permits a motion to dismiss, I respectfully request the opportunity to fully brief the issue and proceed to discovery.

Thank you for your attention to this matter.

Respectfully submitted,
Sait Kurmangaliyev
Pro Se Plaintiff

CC:
Laura Harris, Esq. – lharris@kslaw.com
Hope Garrison, Esq. – hgarrison@kslaw.com
King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036