UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAIT KURMANGALIYEV,<br><br>                              Plaintiff,<br><br>                    v.<br><br>DELTA AIRLINES, INC,<br><br>                              Defendant. | |

**MEMORANDUM AND ORDER**

25-cv-3423-LDH

L&SHANN D&ARCY HALL, United States District Judge:

Sait Kurmangaliyev ("Plaintiff"), proceeding pro se, brings the instant action against

Delta Airlines, Inc. ("Delta" or "Defendant"), asserting a claim pursuant to the Telephone

Consumer Protection Act (the "TCPA").  Defendant moves, pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, to dismiss the Complaint in its entirety.

## BACKGROUND[1]

On February 9, 2023, Plaintiff registered his phone number with the National Do Not

Call Registry.  (Compl. at 5, 17, ECF No. 1.)  On April 19, 2025, Plaintiff initiated contact with

Defendant, via text message, requesting that it cancel his flight to Chicago, Illinois, scheduled for

April 22, 2015, in exchange for a refund.  (*Id.* at 5, 10.)  In response, Defendant's virtual

assistant (the "Virtual Assistant") informed Plaintiff that it could assist him with, *inter alia*,

---

[1] The following facts are taken from the Complaint, documents attached to and incorporated by reference into the Complaint, and public documents of which the Court takes judicial notice.  *See Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (holding that when ruling on a Rule 12(b)(6) motion to dismiss, the Court "confine[s] its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" (quoting *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991))); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995))).  These facts are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

canceling his trip. (*Id.* at 10-11.)  In addition, the Virtual Assistant requested the information associated with Plaintiff's booking to retrieve Plaintiff's flight details. (*Id*. at 11-12.)  After retrieving Plaintiff's flight details, the Virtual Assistant informed Plaintiff that, because "most [b]asic [e]conomy tickets are non-refundable and cannot be exchanged for eCredits," Plaintiff could not cancel his flight for a refund. (*See id.* at 13.)  Moreover, the Virtual Assistant provided Plaintiff with the following options for proceeding:  "A) Proceed with no refund"; "B) Cancel another trip"; "C) Exit without canceling" ; and "D) View more details." (*Id.* at 13.)  Plaintiff selected to "[e]xit without canceling." (*Id.* at 13.)  Thereafter, Plaintiff informed the Virtual Assistant that he did not require any additional assistance. (*Id.* at 13-14.)  The Virtual Assistant then requested that Plaintiff complete a "brief survey . . . rat[ing his] overall satisfaction with [the Virtual Assistant]" by "reply[ing] with a value between 1-5"—with "1" being "[v]ery [d]issatisfied" and "5" being "[v]ery [s]atisfied." (*Id.* at 14.)  Plaintiff replied, "STOP." (*Id.*)  Failing to understand Plaintiff's reply, the Virtual Assistant, again, requested that Plaintiff "rate [his] overall satisfaction with [the Virtual Assistant]" by "reply[ing] with a value between 1-5." (*Id.*)  Plaintiff subsequently responded "5."  The Virtual Assistant inquired whether it "answered [Plaintiff's] question." (*Id.* at 15.)  Plaintiff responded, "STOP."  The Virtual Assistant did not comprehend Plaintiff's message and, again, inquired whether it "answered [Plaintiff's] question." (*Id.*)  Plaintiff did not respond, and the Virtual Assistant sent a message confirming that the survey had expired. (*Id.*)  On May 26, 2025, Plaintiff initiated contact with the Virtual Assistant by sending a text message that stated, "STOP." (*Id.* at 5, 15.)  On the same day, the Virtual Assistant responded, "This is not a subscription. []No further messages will be sent." (*Id.*)

2

**STANDARD OF REVIEW**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court deciding whether to grant a motion to dismiss must "draw all reasonable inferences in [the plaintiff's] favor, assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)) (internal citation omitted). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Further, a court is not obligated to accept a plaintiff's "conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber*, 648 F.3d at 104 (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008)). Moreover, where, as here, plaintiffs are proceeding pro se, their pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 (2007) (per curiam)).

**DISCUSSION**

"The TCPA was passed primarily because '[m]any consumers [were] outraged over the proliferation of intrusive, nuisance [telemarketing] calls to their homes.'" *Jackson v. Caribbean*

3

*Cruise Line, Inc.*, 88 F. Supp. 3d 129, 134 (E.D.N.Y. 2015) (alterations in original) (quoting

*Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368, 372 (2012)).  To that end, the TCPA was

designed to protect the privacy interests of individuals who regarded "[a]utomated or

prerecorded telephone calls" as "an invasion of privacy."  *See Mims*, 565 U.S. at 372.

Specifically, § 227(b) of the TCPA provides that "[i]t shall be unlawful for any person within the

United States . . . to make any call (other than a call made for emergency purposes or made with

prior consent of the called party) using any automatic telephone dialing system or an artificial or

prerecorded voice . . . [to] any cellular telephone service."  47 U.S.C. § 227(b)(1)(A)(iii).[2]  To

state a claim under § 227(b) of the TCPA, a plaintiff must allege that:  "(1) a call was placed to a

cell or wireless phone; (2) by the use of any automatic dialing system [and/or leaving an artificial

or prerecorded message] and (3) without prior consent of the recipient."  *Oparaji v. Home*

*Retention Corp.*, No. 21 CV 2758, 2022 WL 987560, at *7 (E.D.N.Y. Jan. 11, 2022) (quoting

*Ford v. Bluestem Brands Inc.*, No. 18-CV-2695, 2019 WL 1046367, at *3 (S.D.N.Y. Mar. 5,

2019)), *report and recommendation adopted*, No. 1:21-CV-2758, 2023 WL 2155764 (E.D.N.Y.

Feb. 22, 2023), *aff'd*, No. 24-1444-CV, 2025 WL 1901297 (2d Cir. July 10, 2025).  Notably,

"claims based on alleged violations of the TCPA need not be [pleaded] with particularity" to

survive a motion to dismiss.  *Bank v. Spark Energy, LLC*, No. 19CV4478, 2020 WL 5752185, at

*2 (E.D.N.Y. Sept. 24, 2020) (quoting *Jackson*, 88 F. Supp. 3d at138), *aff'd*, 860 F. App'x 205

(2d Cir. 2021); *Bank v. GoHealth, LLC*, No. 19CV5459, 2021 WL 2323282, at *4 (E.D.N.Y.

---

[2] Curiously, Plaintiff devotes the majority of his three-page opposition arguing that Defendant analyzed his claim solely under § 227(c).  (Pl.'s Mem. L. Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 23.)  Not true.  In its brief, Defendant advances arguments related to both § 227(b) and § 227(c) of the TCPA.  (Def.'s Mem. L. Supp. Mot. Dismiss ("Def.'s Mem."), ECF No. 22-1.)  In any event, the "Court need not argue a pro se litigant's case nor create a case for the pro se [litigant] . . . . "  *Molina v. State of N.Y.*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995).  Here, Plaintiff has made plain that his claim is brought under § 227(b) of the TCPA, not § 227(c).  (Pl.'s Opp'n at 2.)  As such, the Court declines to construe Plaintiff's claim as arising under § 227(c) of the TCPA, and, therefore, declines to analyze Defendant's arguments regarding § 227(c).

Mar. 8, 2021) (quoting *Jackson*, 88 F. Supp. 3d at 138), *report and recommendation adopted*, No. 19CV5459, 2021 WL 1884671 (E.D.N.Y. May 11, 2021), *aff'd*, No. 21-1287-CV, 2022 WL 1132503 (2d Cir. Apr. 18, 2022).  Nonetheless, to survive dismissal, a "plaintiff must still allege facts sufficient to state a plausible claim of direct liability for violation of the TCPA."  *GoHealth, LLC*, No. 19CV5459, 2021 WL 2323282, at \*4.  That is, a plaintiff must "do more than restate the statute's language," *Oparaji*, No. 21 CV 2758, 2022 WL 987560, at \*7, or "simply reference the statute," *id.* (quoting *Abdool v. Cap. One Bank USA*, No. 21-CV-4072, 2021 WL 4147191, at \*4 (E.D.N.Y. Sept. 13, 2021).  A plaintiff must allege "some indica to support" the elements of his claim.  *Id.*

Defendant contends that, because Plaintiff fails to allege that the Virtual Assistant used an automatic dialing system or artificial voice, Plaintiff's claim under the TCPA is ripe for dismissal.  (Def.'s Mem. at 5-8.)  Specifically, Defendant argues that Plaintiff fails to allege a single fact demonstrating that:  (1) Defendant contacted him using equipment with the capacity to generate and dial random or sequential numbers, which is a required component of any automatic dialing system; and (2) the text messages sent by the Virtual Assistant utilized "artificial or prerecorded voices."  (*Id.*)  Notably, Plaintiff fails to specifically respond to any argument advanced by Defendant and, thus, concedes their validity.  *See Nunez*, No. 11-CV-3457, 2012 WL 3241260, at \*19 ("Plaintiffs appear to concede Defendants' arguments, as they fail to acknowledge or contest them"); *Dolce*, No. 24-CV-00622, 2025 WL 1070079, at \*7 (holding that, by "failing to respond to [an] argument" in opposition to defendants' motion to dismiss, plaintiffs "arguably abandoned" their claim); *BYD Co. Ltd*, 531 F. Supp. 3d 810, 821 ("[The] [p]laintiffs' failure to oppose [the] [d]efendants' specific argument in a motion to dismiss is deemed waiver of that issue" (citation omitted)), *aff'd*, No. 21-1097, 2022 WL 598973

5

(2d Cir. Mar. 1, 2022).  On this ground, alone, dismissal of Plaintiff's TCPA claim is warranted.[3]

But, there is more.

On April 19, 2025, Plaintiff initiated contact with Defendant, via text message, and inquired whether he could cancel an upcoming flight to Chicago in exchange for a refund. (Compl. at 10.)  After assisting Plaintiff with his inquiry, the Virtual Assistant prompted Plaintiff to "rate" his satisfaction with its performance by "reply[ing] with a value between 1-5."  (*Id.* at 10-14.)  Plaintiff texted, "STOP."  (*Id.* at 15.)  Failing to understand Plaintiff's response, the Virtual Assistant, again, prompted Plaintiff to rate its performance "between 1-5," to which Plaintiff responded, "5."  (*Id.*)  Thereafter, the Virtual Assistant asked Plaintiff to confirm whether the Virtual Assistant had answered his question by "reply[ing] with 1 or 2."  (*Id.*) Plaintiff replied, "STOP."  (*Id.*)  Again, failing to understand Plaintiff's response, the Virtual Assistant presented Plaintiff with the same prompt.  (*Id.*)  Plaintiff did not respond, and on the same day, the Virtual Assistant sent a message confirming that the conversation had expired. (*Id.*)  Nearly forty days later, Plaintiff responded, via text message, "STOP," to which the Virtual Assistant responded, "this is not a subscription. []No further messages will be sent."  (*Id.*) Plaintiff contends that he plausibly alleges that all five messages sent by the Virtual Assistant,

---

[3] *See Joseph v. United States*, 740 F. App'x at 14 (affirming the district court's dismissal of claims as abandoned on a motion to dismiss and acknowledging "[w]here a partial response to a motion is made—*i.e.*, referencing some claims or defenses but not others . . . in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." (quoting *Jackson*, 766 F.3d at 197–98)); *see also Adams v. New York State Educ. Dep't*, 752 F. Supp. 2d 420, 426 (S.D.N.Y. 2010) (dismissing the plaintiffs' race discrimination and age discrimination claims as abandoned where "[the plaintiffs' opposition] papers fail[ed] to address substantive grounds raised by the [d]efendants' motions [to dismiss], thereby supporting a finding that the underlying claims have been abandoned.") *aff'd sub nom. Ebewo v. Fairman*, 460 F. App'x. 67 (2d Cir. 2012), *cert. denied sub nom., Cruz v. New York State Bd. of Educ.,* 568 U.S. 943 (2012); *Gill v. Phoenix Energy Mgmt., Inc.*, No. 15CV1102, 2016 WL 11825904, at *5 ("deem[ing] [the] [p]laintiff's silence as a concession that [the] [p]laintiff [was] abandoning his claim" , because he "neither dispute[d] [the d]efendant's arguments, nor defend[ed] th[e] claim in anyway") explaining

following his initial reply of "STOP," were sent using an automatic dialing system or artificial voice and are, thus, violative of the TCPA.  (*See* Pl.'s Mem. at 2.)  Not so.

As an initial matter, it is well settled that "a text [message] is not an 'artificial voice.'" *Soliman v. Subway Franchisee Advert. Fund Tr., LTD.*, 101 F.4th 176, 187 (2d Cir. 2024).  As made plain by the Second Circuit, the "ordinary meaning," along with "[c]ommon sense," suggests that the term, "voice" . . . [,] refer[s] to a sound produced by a human being."  *Id.*  In addition, it found that "[t]he language of the TCPA . . . makes clear [that] Congress meant 'voice' to mean something audible, not a text message."  *Id.*  As such, the text messages of which Plaintiff complains do not constitute an "artificial voice," pursuant to the TCPA.  *See Id.*  Nor does Plaintiff allege that the relevant text messages were sent utilizing an automatic dialing system.  (*See* Compl.)  That is, the complaint is devoid of a single allegation—conclusory or otherwise—to support an inference that, when sending messages to Plaintiff, the Virtual Assistance utilized "equipment with the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."  47 U.S.C. § 227(a)(1)(A)-(B).  Indeed, in the Complaint, Plaintiff does not make reference to any automated dialing system used by the Virtual Assistant.  (*See* Compl.)  Even more, Plaintiff concedes that the relevant text messages resulted from his continued contact with the Virtual Assistant and consistent failure to respond to the Virtual Assistant's prompts as instructed, in a manner that the Virtual Assistant could comprehend.  (Compl. at 10-15.)  Notably, one of the text messages on which Plaintiff bases his claim was sent only after Plaintiff initiated contact with the Virtual Assistant nearly forty days after the prior conversation had expired.  (*Id.* at 15.)  The Second Circuit has plainly stated that where, as here, a "consumer[]. . . voluntarily provides [his telephone number]," the TCPA is not implicated because those "telephone numbers . . . are not

7

automatically or randomly generated." *Soliman*, 101 F.4th at 183. And, "[a]s the Supreme Court observed, "[e]xpanding the definition of an autodialer to encompass any equipment that merely stores and [texts] telephone numbers would take a chainsaw to these nuanced problems when Congress meant to use a scalpel." *Id.* (second alteration in original) (quoting *Facebook, Inc. v. Duguid*, 592 U.S. 395, 405 (2021)). It is, therefore, plain that Plaintiff has failed to allege that the Virtual Assistant utilized an automated dialing system. This pleading deficiency is fatal to Plaintiff's claim. *See Oparaji*, No. 21 CV 2758, 2022 WL 987560, at *7. Plaintiff's claim under the TCPA is dismissed, accordingly. *See id.* at *8 (dismissing a claim brought pursuant to the TCPA for failure to plausibly allege that the calls complained of were "placed through the use of an [automatic dialing system] or prerecorded voice").

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED.

Generally, a court should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (alterations accepted) (internal quotation marks omitted) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). But, a court has inherent power to dismiss without leave to amend or replead where amendment would be futile. *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011) (affirming the district court's decision to dismiss pro se complaint without leave to amend where the amendment would be futile). The Court declines to grant Plaintiff leave to amend as it finds that amendment would be futile.

8

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and in forma pauperis status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                                        SO ORDERED.

Dated: Brooklyn, New York              /s/ LDH
       March 31, 2026                  LASHANN DEARCY HALL
                                       United States District Judge